**Fuston R. THOMAS, Plaintiff-Appellant,**

v.

**Elza H. PAPP, Circuit Judge of Genessee County,**

**Thomas E. Bell, Sheriff, et al., Defendants-Appellees.**

**No. 71–1160.**

United States Court of Appeals, Sixth Circuit.

Feb. 28, 1972.

Fuston R. Thomas, in pro. per.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Lansing, Mich., Robert F. Leonard, Pros. Atty., County Seat, Donald A. Kuebler, Chief Asst. Pros. Atty., Flint, Mich., for defendants-appellees.

Before MILLER and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The appellant takes this appeal from the dismissal by the District Court of his original complaint filed under the provisions of Title 42 U.S.C. § 1983. The appellant recited in the complaint that local officers of the State of Michigan had removed $122.00 from his person at the time he was originally placed in jail, and after his conviction for armed robbery the Trial Court applied the $122.00 toward the payment of his court appointed counsel.

Appellant was permitted to file this action by an order of the District Court dated December 10, 1970, but before any summons was served or any appearance was filed, and by an order dated December 31, 1970, the District Court dismissed the case for lack of jurisdiction. We agree with the decision of the Second Circuit in Eisen v. Eastman, 421 F. 2d 560 (2nd Cir., 1969). A complaint based upon the loss of money does not establish jurisdiction under the Civil Rights Act.

All other allegations in the complaint in this case are clearly without merit. For this reason and without determining the legality of the application of the $122.00 to the payment of attorney fees the judgment of the District Court is affirmed.