**Kenneth WHITE, Plaintiff,**

**v.**

**James P. BOYLE et al., Defendants.**

**Civ. A. No. 74–9.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Feb. 21, 1975.

Kenneth White, pro se.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., James H. Jeffries, III, Trial Atty., Tax Div., Dept. of Justice, Washington D.C., for defendants.

## OPINION and ORDER

TURK, Chief Judge.

Plaintiff Kenneth White has filed this pro se complaint against six Internal Revenue Service Officers alleging that defendants violated his constitutional rights, conspired to do the same and refused to protect him from such conspiracy. Plaintiff asks for $275,000 in damages from each defendant and an injunction restraining defendants from any further actions which violate his constitutional rights. The case is now before the court pursuant to defendants' motion to dismiss or for summary judgment.

Plaintiff asserts that jurisdiction in this court exists under 28 U.S.C. § 1343(1), (2), (3), (4) and 42 U.S.C. §§ 1983, 1985 and 1986. It is clear that the acts of the defendants for which plaintiff seeks relief were not done under color of state law and plaintiff's reliance on the above statutory sections is misplaced. *See* Bellamy v. Mason Stores, Inc., 508 F.2d 504 (4th Cir. 1974). However, a charitable reading of plaintiff's complaint indicates that jurisdiction in this court is probably available under 28 U.S.C. § 1331 and that a

**516**

cause of action has been stated. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Nevertheless, for the reasons which follow the court is of the opinion that defendants are entitled to summary judgment with respect to plaintiff's claim for damages and plaintiff's claims for injunctive relief should be dismissed.

The pertinent facts taken from plaintiff's complaint are undisputed. Plaintiff is the President of an organization known as the Virginia Taxpayers Association, and in this capacity, he has distributed news releases which are critical of government taxing and spending policies and make unfavorable reference to the IRS. On January 17, 1974, two IRS agents (defendants Higginbotham and an unnamed companion agent) came to plaintiff's home; plaintiff was not there and Mr Higginbotham left his card with a note written on the back requesting plaintiff to call or write as soon as possible so that a meeting could be arranged. On January 22, 1974, Mr. Higginbotham called plaintiff, who refused to talk to him, beyond stating that he did not want to meet with him and that he thought Higginbotham's actions violated his constitutional rights. On February 6, 1974, Mr. Higginbotham served a summons on the Vice President and Manager of the Fidelity National Bank which directed that the bank records relating to plaintiff and his wife be produced for his inspection.[1] Thereafter, on February 19, 1974, the bank records were inspected.

Affidavits from defendant Higginbotham and Bob Moore (designated as the unnamed companion agent in plaintiff's complaint) add the following facts. The reason Messrs. Higginbotham and Moore visited plaintiff on January 17, 1974, was to determine why his 1972 tax return was blank except for the statement written across the face of it, "Filed Under Protest." Similarly, the reason for the summons which Mr. Higginbotham served upon plaintiff's bank on February 6, 1974, was to obtain information relative to plaintiff's possible tax liability in 1972.

Plaintiff alleges that his prominence in the Virginia Taxpayers Association resulted in the IRS singling him out as a "sensitive case" and a "high deterrent case". He alleges that the aforementioned actions of the defendants were in retaliation for his political activities and violated several of his constitutional rights including privacy, free speech and freedom from unreasonable search and seizure.

█ The court has liberally construed plaintiff's complaint in light of the fact that plaintiff is not represented by counsel, but is nevertheless of the opinion that the pertinent facts are not in dispute and even if plaintiff could prove his allegations, he would not be entitled to judgment. It is clear that the actions of the defendants which plaintiff so strongly challenges were taken pursuant to federal law and were within the scope of their authority. The court perceives the actions of defendants Higginbotham and Moore in going to plaintiff's home and leaving a note and thereafter phoning him in an attempt to set up a meeting as being reasonable, good faith efforts taken in response to plaintiff's

---

1. Plaintiff filed a motion to restrain the seizure and inspection of his bank records which was heard by this court and denied on February 15, 1974. Plaintiff appealed this order to Judge Butzner, who also denied injunctive relief. This action was treated as a separate suit, Civil No. 74–8 and has now been closed.

On March 15, 1974, plaintiff filed a second motion for a temporary restraining order to restrain defendants from inspecting his business records in the custody of Donald and Madeline Pillsbury. This motion was also heard in open court and on April 4, 1974, this court entered an order denying the motion. This order was also appealed, however, upon agreement of the parties the appeal was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure on June 27, 1974. This aspect of the suit was not treated as separate from the original suit and is a part of the present record.

1972 tax return.[2] The summons to which Mr. Higginbotham was apparently forced to resort was issued pursuant to statute 26 U.S.C. § 7602. Because defendants' actions were taken in good faith and within the scope of their duties, they enjoy official immunity. Barr v. Mateo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Kotmair v. Gray, 505 F.2d 744 (4th Cir. 1974).

 Insofar as plaintiff's complaint may be construed to challenge the constitutionality of certain provisions of the Internal Revenue Code and an attempt to enjoin their enforcement against him, additional reasons supporting dismissal of the complaint exist. Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a)[3] prohibits a suit to restrain the assessment or collection of taxes except by way of a petition in the Tax Court challenging a notice of deficiency or by way of a suit in the District Court after levy has been made.[4] *See* Enochs v. Williams Backing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). If plaintiff is seeking to enjoin a civil investigation or possible criminal prosecution, his claims are premature and must be presented in such civil or criminal proceedings. *E. g.*, Brittingham v. Commissioner of Internal Revenue, 451 F.2d 315 (5th Cir. 1971); Meister v. United States, 397 F.2d 268 (3rd Cir. 1968).

Accordingly, for the reasons and authority stated, it is the opinion of this court that defendants are entitled to summary judgment pursuant to Rule 56 as to plaintiff's claim for damages; and that plaintiff's claims for injunctive relief are dismissed as premature and not properly before the court at this time, and it is so ordered.

---

2. Messrs. Higginbotham and Moore asked the proprietor of a grocery store near plaintiff's home several questions about plaintiff. Although it is unclear as to precisely what questions were asked, assuming plaintiff's allegations in this regard are correct, the court does not perceive such questions as having violated any of plaintiff's constitutional rights.

3. This statute provides:
   (a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

4. This policy is also expressed in the Declaratory Judgment Act, 28 U.S.C. § 2201 which provides:
   In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . . (Emphasis added).