Bobby **LEMMONS**, Plaintiff,

v.

John **TRANBRAW**, Defendant.

No. CIV–2–76–153.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 23, 1976.

Bobby Lemmons, pro se.

No appearance for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* civil action for money damages " * * * authorized [b]y 42 U.S.C. [§] 1983. * * *" The complaint alleges the Court's jurisdiction under 28

U.S.C. § 1343, presumably subsection (3), and also seeks declaratory relief under 28 U.S.C. §§ 2201, 2202.*

The gravamen of the plaintiff's claim is that the defendant, claimed to be a "bondsman," was guilty of " * * * mere negligence * * *" in refusing to "re-sign" the plaintiff's bond for his release on a state criminal charge after the plaintiff had failed to appear in a state court on the date set for such appearance. Apparently, it is alleged that the defendant had posted a bond for the plaintiff's scheduled appearance in such court on October 20, 1976; that the plaintiff mistakenly failed to so appear; and the defendant then refused to post any additional bond and kept the money previously paid to him by the plaintiff. It is also averred that the defendant stated, before a witness, that he would sign such additional bond. As a consequence thereof, the plaintiff seeks herein both compensatory and punitive damages from such bondsman.

Pretermitting all other matters is a determination of the Court's jurisdiction of the subject matter. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A.6th (1976), 534 F.2d 699, 701[1]. This Court is not at liberty to " * * * assume the existence of [its] jurisdiction * * * [for] without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed. * * *" *Idem.* " * * * The United States district courts are not courts of general jurisdiction. They have no jurisdiction except as prescribed by Congress pursuant to Article III of the Constitution. * *" *Graves v. Sneed*, C.A.6th (1976), 541 F.2d 159, 161[2]. Thus, " * * * [w]henever it appears * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *" Rule 12(h)(3), Federal Rules of Civil Procedure.

42 U.S.C. " * * * § 1983 is of only limited scope. The statute deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory.' It does not reach purely private conduct. * * *" *District of Columbia v. Carter* (1973), 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613, 620[12, 13], rehearing denied (1973), 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694. Under this statute, two jurisdictional elements must be present to maintain such an action, namely: that the defendant was acting under color of state law, and that such defendant's conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Dallam v. Cumberland Valley School District*, D.C.Pa. (1975), 391 F.Supp. 358, 359[1]. Where it is clear that the acts complained of were not done under color of state law, this Court is without jurisdiction of such purported civil rights action. *White v. Boyle*, D.C.Va. (1975), 390 F.Supp. 514, 515[1].

The complaint herein does not allege that the defendant's conduct was done under color of state law. " * * * While it is true that to give the plaintiff a cause of action under [42 U.S.C. § 1983] the alleged deprivation of rights must be under color of state law, custom or usage, the required factual situation may be described in a complaint without the use of the particular words 'under color of law.' * * *" *Geach v. Moynahan*, C.A.7th (1953), 207 F.2d 714, 716[1]. Here, however, such factual situation does not amount to conduct of the defendant which was done under color of state law.

Professional bail bondsmen are subject to regulation by the state of Tennessee, T.C.A. § 40–1401, et seq., and apparently such persons are required to be licensed to

---

* Of course, the declaratory judgment act, *idem.*, is procedural in nature and does not serve as an independent basis of federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.* (1950), 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194, 1199 (headnote 1); *King v. Sloane*, C.A.6th (1976), 545 F.2d 7, 8 [3]; *Mayer v. Ordman*, C.A.6th (1968), 391 F.2d 889, 892 (ap-

pendix), certiorari denied (1968), 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261; *Stanley v. Avery*, C.A.6th (1968), 387 F.2d 637, 638[3], certiorari denied (1968), 390 U.S. 1044, 88 S.Ct. 1641, 20 L.Ed.2d 304; *Coleman v. Tennessee Valley Trades and Labor Coun.*, D.C.Tenn. (1975), 396 F.Supp. 671, 674–675[2].

do business in this state, see T.C.A. § 40–1403. This, however, is not sufficient to convert their conduct into that of the state for the purposes of the 14th Amendment or 42 U.S.C. § 1983. *Jackson v. Metropolitan Edison Co.* (1974), 419 U.S. 345, 350, 354, 95 S.Ct. 449, 453, 455, 42 L.Ed.2d 477, 483–484[3], 485–486[6]; see also *Moose Lodge No. 107 v. Irvis* (1972), 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627.

 Furthermore, the protection of federal civil rights afforded by 42 U.S.C. § 1983 extends only to the unauthorized abuse of authority by a public official. *Azar v. Conley*, C.A.6th (1972), 456 F.2d 1382, 1389[14]. There is no claim made herein that at the pertinent times the defendant was a public official or that, if so, he abused his authority. In addition, the allegation of an isolated incident of negligence does not constitute a " * * * deprivation of [any] rights, privileges or immunities secured by the Constitution and laws * * *" as contemplated by 42 U.S.C. § 1983. *Puckett v. Cox*, C.A.6th (1972), 456 F.2d 233, 235[2]. Finally, to the extent that the plaintiff seeks to recover money lost to the defendant, this Court does not have jurisdiction under the Civil Rights Act. *Thomas v. Papp*, C.A.6th (1972), 457 F.2d 792.

It thus appearing that the Court lacks jurisdiction of the subject matter hereof, and that also the complaint herein fails to state a claim under 42 U.S.C. § 1983 upon which relief could be granted in this Court, this action hereby is

DISMISSED. Rule 58(1), Federal Rules of Civil Procedure. Should the plaintiff give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.