611 F.2d 372
 80-1 USTC P 9273
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Human Engineering Institute; Joseph S. Kopas and Mary E.
Kopas, Plaintiffs-Appellants
v.
Olcott R. Abbott; John H. Bender; Joseph P. Crowe;
Buckley D. Sowards, and Robert J. Dath,
Defendants-Appellees.
 No. 78-3176.
 United States Court of Appeals, Sixth Circuit.
 November 16, 1979.
 
 Before ENGEL, MERRITT, and KENNEDY, Circuit Judges.
 
 Order
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiffs have appealed from a judgment of the District Court dismissing their action brought against five Internal Revenue Service officers, initiated in state court and removed to the District Court by the defendants, for willfully and maliciously violating their constitutional rights in attempting to collect on over three and one-half million dollars in taxes and penalties assessed against plaintiffs.
 
 
 3
 Although the litigative history of plaintiffs' challenges to the jeopardy assessments is lengthy and complex, the issue presently before this Court is whether the District Court properly granted summary judgment in favor of the defendants.
 
 
 4
 The defendants accompanied their motion for summary judgment with copies of the IRS' descriptions of the scope and responsibilities of their positions as Special Agent, Revenue Agent, Assistant Regional Counsel, Staff Assistant to the Regional Counsel, and District Director, and with the detailed affidavit of each defendant specifying the actions taken by him in regard to the investigation, assessment, and litigation involving the plaintiffs. It is the conclusion of this Court that that uncontested account of the defendants' actions in their official capacities clearly shows that they are protected from liability in a 28 U.S.C. Sec. 1331 action, which would have been the jurisdictional basis for this cause had it been first brought in the District Court, by the good-faith immunity accorded officers of the executive branch of government; Scheuer v. Rhodes, 416 U.S. 232 (1974); Wood v. Strickland, 420 U.S. 308 (1975); White v. Boyle, 538 F.2d 1077 (4th Cir.1976); Flood v. Harrington, 532 F.2d 1248 (9th Cir.1976). Moreover, it appears to the Court that defendants Crowe and Sowards, representing the IRS in the judicial proceedings, enjoy the greater immunity extended those officials entrusted with commencing and guiding litigation for a government agency by Butz v. Economou, 438 U.S. 478 (1978).
 
 
 5
 Taking as true defendants' assertions in their uncontroverted affidavits, it appears to the Court that no genuine issue remains as to any material fact. The defendants have successfully discharged the substantial burden required of a movant for summary judgment, Smith v. Hudson, 600 F.2d 60 (6th Cir.1979), and the District Court's grant of judgment was therefore proper.
 
 
 6
 The Court further concludes that the Anti-Injunction Act, 26 U.S.C. Sec. 7421, effectively barred plaintiffs' claim for injunctive relief, neither the statutory exceptions to the rule nor the narrow one recognized in Enochs v. Williams Packing, 370 U.S. 1 (1962), being applicable.
 
 
 7
 It appearing that the questions upon which decision of the cause depends are so unsubstantial as to not require further argument, it is
 
 
 8
 Therefore ORDERED that the judgment of the District Court be, and it hereby is, affirmed; Rule 9(d)3, Rules of the Sixth Circuit.