981 F.2d 1251
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Wayne SHACKFORD, Plaintiff-Appellant,
v.
David K. SMITH; Major Jones; Captain Barksdale;
Investigator Staton; Doctor Carere; Mr. Shupe,
Defendants-Appellees,
and Medical Department, Defendant.
 No. 92-6593.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 31, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-92-7-R)
 David Wayne Shackford, Appellant Pro Se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Virginia; Carlyle Randolph Wimbish, III, Sands, Anderson, Marks & Miller, Richmond, Virginia, for Appellees.
 W.D.Va.
 Affirmed.
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 David Shackford, a Virginia prisoner, filed this 42 U.S.C. § 1983 (1988) action, claiming a number of violations of his constitutional rights stemming from a sexual assault against him by an inmate. Shackford alleged that he was raped at knife point by his cell partner, prison officials having failed to protect him from the assault. He alleges that he was denied medical treatment after the assault, including a requested AIDS diagnostic test. Further, according to Shackford's amended complaint, no investigation was made of the alleged assault, and prison officials utilized inmates as informants, permitted deviant behavior, and conspired to cover up their own involvement. Finally, Shackford complains that the grievance coordinator submitted false affidavits and committed perjury in related legal proceedings. We affirm.
 
 
 2
 The district court dismissed the claims against the prison officials as time-barred and the claim against the grievance coordinator for failure to state a claim which rises to constitutional dimension. We affirm on the district court's reasoning the dismissal of the claims that Defendants failed to protect Shackford from a known risk of harm when he was assaulted, did not provide him with appropriate medical treatment immediately after the assault, and committed perjury.
 
 
 3
 Shackford's claims charging that officials violated his constitutional rights by using informants improperly and covering up their improper conduct are no more than bald allegations of misconduct which are insufficient to survive summary judgment. See White v. Boyle, 538 F.2d 1077 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment).
 
 
 4
 Accordingly, we affirm the district court's order dismissing the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED