**Kidfield HAYES, Jr., Appellant,**

v.

**Lt. H.P. THOMPSON, Unit # 23, Appellee.**

**No. 82–6002.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1983.

Decided Feb. 10, 1984.

John W. Burke, III, Richmond, Va. (McGuire, Woods & Battle, Richmond, Va., on brief), for appellant.

Alexander E. Conlyn, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Kidfield Hayes, an inmate at Mecklenburg Correctional Center in Virginia, filed an action under 42 U.S.C. § 1983 against the warden, Lt. H.P. Thompson, of Virginia

prison unit # 23 (Unit 23) in Halifax. Hayes seeks an injunction returning him to a minimum security institution as well as compensatory damages arising from Thompson's alleged violation of Hayes' due process rights in the conduct of reclassification and disciplinary proceedings. The district court granted Thompson's motion for summary judgment, and Hayes appeals from that order. We reverse and remand for further proceedings not inconsistent with this opinion.

## I.

On March 30, 1981, Kidfield Hayes was placed in segregation at Unit # 23 after confidential allegations were made that he employed "strong-arm" tactics against other inmates. The following day, Hayes received written notice that he would be brought before the Institutional Classification Committee (ICC) for a hearing to determine whether he should be transferred to another institution and whether his prison status should be downgraded from "B" to "C". A hearing was held on April 2. After listening to Lt. Thompson read the confidential allegations, the ICC voted to recommend to the Central Classification Board (CCB) that Hayes be transferred to the higher security Mecklenburg Correctional Center and that his inmate classification be downgraded.

The CCB rejected these recommendations because the ICC had failed to assess the reliability of the inmates' confidential statements and had failed to provide a rationale for its conclusions. Lt. Thompson then decided to file charges with the Institutional Adjustment Committee (Adjustment Committee) pursuant to Virginia Department of Corrections Division of Adult Services Guideline (DCG) 861. Thompson alleged that Hayes engaged in repeated instances of extortion and blackmail against fellow inmates. On April 20, Hayes, still in isolation, received notice of these charges—notice which Hayes contends lacked specific

dates or details of the alleged offenses in violation of DCG 861(VI)(A)(2) and (D)(3). Hayes also claims that the witnesses he had requested in writing to testify did not appear at the hearing.

The Adjustment Committee heard the charges against Hayes on April 22. Based on Lt. Thompson's presentation of the confidential statements made by inmates, it found Hayes guilty. The Committee imposed a penalty on Hayes of fifteen days isolation and loss of thirty days good time. In addition, the Committee referred the matter to the ICC for consideration of custody increase and transfer. Not surprisingly, the ICC again decided to recommend both a downgrading of Hayes' custody status to "C" and a transfer to a higher security institution. This time the ICC based its recommendations on the findings of the Adjustment Committee and on the argument that Hayes' return to the general prison population at Unit # 23 would be disruptive. The CCB approved the ICC recommendation and Hayes was transferred to Mecklenburg Correctional Center on May 11, 1981. The Mecklenburg Correctional Center ICC subsequently reviewed the reclassification and transfer decision and concluded that "[t]here seems to be no substantiation to support the charge." [1]

Hayes argued that state prison guidelines create a liberty interest triggering due process rights. He contended that Thompson violated his due process rights by failing to provide him with adequate notice of the charges, by presenting unsworn hearsay testimony against him, and by preventing him from submitting rebuttal evidence. Further, Hayes alleged that his due process rights were abridged by the issuance of sanctions without articulated factual findings, and by a failure to credit time already spent in segregation toward his disciplinary sanction of 15 days isolation.

The district court relied on our holding in *Cooper v. Riddle*, 540 F.2d 731 (4th Cir. 1976), that due process procedural protec-

---

1. The Mecklenburg ICC recommended that Hayes be retransferred to a lower security institution. However, this recommendation was disapproved by the CCB. *See Hayes v. King*, 679 F.2d 881 (4th Cir.1982) (unpublished).

tions did not apply to an ICC transfer of allegedly disruptive prisoners, in concluding that the ICC actions accorded with constitutional requirements. On appeal, the state relied on a recent decision of this court, *Gorham v. Hutto,* 667 F.2d 1146 (4th Cir. 1981), in which we stated that prison guidelines were not sufficient to afford state prisoners a liberty interest in not being transferred. We held the instant case in abeyance pending resolution of a similar issue then before the Supreme Court on Writ of Certiorari.

### II.

In *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court made clear that state statutes *and* regulations could create liberty interests if the state, in drafting its procedural guidelines, repeatedly used "explicitly mandatory language in connection with requiring specific substantive predicates...." —— U.S. at ——, 103 S.Ct. at 871, 74 L.Ed.2d at 688. For example, in *Hewitt,* the Pennsylvania guidelines required that certain procedures "shall", "will" or "must" be employed and that actions such as administrative segregation must be preceded by specific findings such as "a threat of serious disturbance." The Supreme Court discussed the issue again in *Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). In *Olim,* the Court noted that "a State creates a protected liberty interest by placing substantive limitations on official discretion." —— U.S. at ——, 103 S.Ct. at 1747, 75 L.Ed.2d at 823.

To the extent that *Cooper v. Riddle* and *Gorham v. Hutto* held that prison regulations alone cannot create protected interests, we find that they have been overruled by *Hewitt* and *Olim.* If the district court determines that the Virginia prison regulations explicitly place substantive limitations, as defined in *Hewitt* and *Olim,* on prison officials' discretion to transfer and otherwise discipline inmates, then it must find that Kidfield Hayes has a liberty interest in being free from transfer and other disciplinary action. If a liberty interest has

been created, procedures employed to abridge this interest must comport with due process requirements. *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

The district court below did not address the question of whether the language of the Virginia regulations creates protected rights and expectations. Although it would not be inappropriate for us to answer the question at this stage, we believe that any decision we ultimately might make would be aided by the district court's initial determination of this issue.

### III.

The district court's decision to grant Thompson's motion for summary judgment is reversed, and the case is remanded for further proceedings in light of *Hewitt* and *Olim.* On remand, the district court should address, among other issues raised by the parties, the following questions:

1. Whether the Virginia regulations create protected rights and expectations triggering the requirements of due process.

2. If protected rights and expectations were created, whether Hayes was accorded the process due him.

   a. Whether the notice provided Hayes was constitutionally adequate.

   b. Whether the reliance on unsworn, hearsay testimony was a violation of due process.

   c. Whether Hayes' qualified right to call witnesses on his behalf was abridged.

   d. Whether the Adjustment Committee's failure to provide a written statement articulating its factual findings was a violation of due process.

**REVERSED AND REMANDED.**