861 F.2d 264
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel D. GARNER Plaintiff-Appellant
v.
Superintendent MOORE; SERGEANT SCALES; ROLAND BROWN,
Officer; OFFICER LUPER; KENNETH BLACKBURN,
Officer Defendants-Appellees
 No. 88-7542.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 13, 1988.
Decided: Oct. 14, 1988.
 
 Samuel D. Garner, appellant pro se.
 LaVee Hamer Jackson (Office of the Attorney General of North Carolina), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel D. Garner, a North Carolina inmate, appeals the district court's dismissal of his suit filed pursuant to 42 U.S.C. Sec. 1983. Because we conclude that Garner's due process rights may have been violated in connection with imposition of administrative segregation in May of 1987, we vacate the district court's dismissal of this claim and remand for proceedings consistent with this opinion. In all other respects, we affirm the judgment of the district court.
 
 
 2
 According to Garner's Sec. 1983 complaint, he was transferred to administrative segregation on May 7, 1987, pending investigation into disciplinary charges ultimately filed against him. However, the complaint asserts, he was not given notice of the charges until May 15, 1987. In a disciplinary hearing held June 1, 1987, Garner was found guilty on one charge and sentenced to one to eight days disciplinary segregation.
 
 
 3
 The district court, citing a North Carolina prison regulation, which is currently designated 5 NCAC 2C .0302(b), held that Garner had no right to remain in the general prison population because, under the regulation, inmates could be segregated "for a period not to exceed 15 days with the verbal approval of the area administrator or institution administrator." 5 NCAC 2C .0302(b). The court concluded that Garner failed to allege any violation of his procedural due process rights.
 
 
 4
 The district court did not consider whether the North Carolina prison regulations governing imposition of administrative segregation created a liberty interest in remaining in the general prison population, and if such an interest existed, whether Garner received all the federally mandated process due him. See 5 NCAC 2C .0301-02, 2B .0201. A state law or prison regulation creates a liberty interest by "placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). A liberty interest arises when regulations utilize "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed, ... and that administrative segregation will not occur absent specified substantive predicates." Hewitt v. Helms, 459 U.S. 460, 471-72 (1982). The North Carolina regulations cited above governing imposition of administrative segregation contain substantive predicates and some mandatory language. We do not decide, however, whether the regulations gave rise to a protected liberty interest. Instead, we remand for further development of the record and the district court's determination of the issue. See Hayes v. Thompson, 726 F.2d 1015, 1017 (4th Cir.1984).
 
 
 5
 If the district court concludes that Garner had a liberty interest in remaining in the general prison population, then it must determine if the procedures utilized comported with due process. The Supreme Court's decision in Hewitt v. Helms, 459 U.S. 460, 476-77 (1982) makes clear that given such a liberty interest, due process mandates notice of the reasons for imposition of segregation, and a review of the evidence against the inmate, all within a reasonable time following transfer to segregation. See also Hughes v. Rowe, 449 U.S. 5 (1980) (pro se prisoner's claim under 42 U.S.C. Sec. 1983 that he had been "confined unnecessarily to segregation," id. at 10, without a prior hearing should not be dismissed for failure to state a claim upon which relief may be granted). On remand, the district court should determine the constitutional sufficiency of the notice and opportunity to be heard afforded Garner. See Hayes, 726 F.2d at 1017.
 
 
 6
 The remainder of Garner's Sec. 1983 claims were properly dismissed by the district court, and we therefore affirm the court's decision as to those claims based on the reasoning of the magistrate. Garner v. Moore, C/A No. 87-407-S (M.D.N.C. Feb. 2, 1988). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.