Keith J. GARDNER, # 151246, Plaintiff,

v.

J.V. BEALE, Jr., Assistant Warden, and Food Services Southampton Intensive Treatment Center, Defendants.

Civ. A. No. 91–337–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 19, 1991.

Keith J. Gardner, pro se.

Mark R. Davis, Office of the Atty. Gen., Richmond, Va., for defendants.

## ORDER AND OPINION

DOUMAR, District Judge.

This matter comes before the Court on Defendants' motion for summary judgment which was filed July 2, 1991, along with an affidavit by defendant Assistant Warden J.V. Beale, Jr. Plaintiff filed his affidavit on July 9, 1991. After the Court's Order of July 12, 1991 giving Plaintiff notice of Defendants' summary judgment motion, Plaintiff filed affidavits of two other inmates on August 5, 1991, in response to the summary judgment.

Plaintiff brought this suit under 42 U.S.C. § 1983 for alleged constitutional deprivations. Plaintiff's complaint was received by the Clerk's Office March 4, 1991 and filed June 3, 1991. Plaintiff is seeking monetary damages for the days that he received two meals per day with an eighteen hour interval between his dinner and his brunch, in violation of a Department of Corrections meal service manual. Plaintiff's only allegation of harm in either his complaint or his affidavit is mental anguish. Plaintiff did not allege any permanent physical harm from the meal service, nor did he allege that he did not get enough daily nutrition. The matter was promptly remedied after a grievance was filed. Plaintiff seeks monetary damages for mental anguish.

Because Plaintiff did not assert a violation of a specific constitutional right, this Court will consider, out of an abundance of caution, both whether it was cruel and unusual punishment and whether it was a due process violation. This Court grants Defendants' motion for summary judgment on the grounds that the manner in which meals were served did not constitute a constitutional violation, as explained herein.

## FACTS

Plaintiff was a voluntary member of the Virginia Department of Corrections Capital Construction Unit. During the time period between October 1990 and January 1991, the Unit was working at what is now called Southampton Intensive Treatment Center.

Assistant Warden Beale made a decision that the construction crew inmates would have only two meals, brunch and dinner, on Friday, Saturday, and Sunday, which were days the crew did not work. The parties dispute whether Beale reached an informal agreement with the inmates before he made this decision. There is also dispute as to how many days the inmates received two meals a day with 18 hours between dinner and brunch. Defendants allege that the inmates received two meals a day for 34 days whereas the Plaintiff alleges it was 48 days. However, there is no contest that before the number of meals were reduced to twice daily, only one or a few inmates would attend the breakfast meal on days the inmates did not work. In Beale's affidavit, he states that Plaintiff did not go to the early breakfast meal on weekends before it was discontinued. Plaintiff did not contest this statement.

An affidavit filed by Plaintiff of the statement of another inmate states: "The policy was instated by J.V. Beale because he decided that there were not enough inmates turning up for the breakfast meal." Affidavit of Kevin N. Flippo, Sr. Neither of the two affidavits of Plaintiff's fellow inmates alleged that Beale had a culpable state of mind.

Plaintiff followed the official grievance procedure, asserting that the meal service was in violation of Department of Corrections Food Service Operations Manual Food Preparation and Service of Meals § 4–1; V.B.1. and 11, which state that all inmates shall be provided with three meals daily, and that the breakfast meal will never be scheduled to begin more than 14 hours following the beginning of the evening meal. Plaintiff's grievance was found to have merit on levels II and III of the grievance procedure. Plaintiff acknowledged in his complaint and on the grievance form for level II that a remedy of a third meal was instituted.

Assistant Warden J.V. Beale, Jr., filed an affidavit stating that as soon as he became aware of Plaintiff's grievance, he arranged for the inmates to receive a bag lunch as a third meal on days that the inmates did not

work. Beale also stated in his affidavit that at all times he had acted in good faith and without malice toward any of the inmates.

## ANALYSIS

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted if, viewing the facts in the light most favorable to the nonmoving party, "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving party must present evidence beyond mere pleadings to create an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ Defendants assert that neither Southampton Treatment Center nor its Food Services are persons amenable to suit under 42 U.S.C. § 1983. This Court finds as a matter of law that neither the Center nor its Food Services are "persons" subject to a § 1983 claim and therefore are granted summary judgment on that basis. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). After dismissal of the Center and its Food Services as improper parties, only Assistant Warden J.V. Beale remains as a defendant.

## I. EIGHTH AMENDMENT CLAIM

■ The eighth amendment applies to the states through the due process clause of the fourteenth amendment. *Robinson v. California*, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962). In a recent case, *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), the Supreme Court stated that a claim of cruel and unusual punishment due to prison conditions has both an objective and subjective component. *Id.* 111 S.Ct. at 2324. The objective component is whether the deprivation was sufficiently serious to constitute cruel and unusual punishment. *Id.* The subjective component is whether the prison officials acted with a sufficiently culpable state of mind. *Id.* Both components are required for a finding of cruel and unusual punishment. *Id.*

### A. Deprivation Not Sufficiently Serious

■ Plaintiff seeks in his complaint damages for mental anguish because for three days a week, and a total of 48 days, he was given two meals a day, with 18 hours between dinner and brunch. Plaintiff also alleged on a prison grievance form that he was "starving" due to the meal service. The Court stated in *Wilson* that "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eight Amendment violation." *Id.* at 2324, *quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The Fourth Circuit has held that " 'before pain of a constitutional magnitude can be said to exist, there must be evidence of a serious medical and emotional deterioration attributable to' the challenged condition." *See Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir.1990) *quoting Shrader v. White*, 761 F.2d 975, 979 (4th Cir.1985). Plaintiff presented no evidence that he suffered physical or emotional injury attributable to the meal service.

Plaintiff's complaint is merely conclusory and does not create a material fact in dispute to warrant a trial. *See Sweet v. South Carolina Dept. of Corrections*, 529 F.2d 854, 862 (4th Cir.1975) (failure to point to specific deficiencies in food or adverse effects on inmate's health warranted dismissal of claim); *see also White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir.1976). Moreover, although the Court does not rely on this in its decision, the fact that Plaintiff did not attend the morning meals on weekends prior to their being discontinued is indicative of the fact that this failure to provide a breakfast meal on non-workdays was not particularly serious. This Court finds that there is not an issue of material fact concerning the objective component of an eighth amendment violation. This Court also finds that there was not a suffi-

ciently serious deprivation to support the finding of an eighth amendment violation. This finding alone is sufficient to grant summary judgment on this claim, but this Court will also address the subjective component of plaintiff's cruel and unusual punishment claim.

### B. Absence of Deliberate Indifference

█ The *Wilson* Court stated that it is wantonness, and not inadvertence on the part of an official, that is a sufficiently culpable state of mind to find cruel and unusual punishment. Wantonness does not have a fixed meaning; it varies with competing institutional interests. 111 S.Ct. at 2326. Because the meal service issue alleged in Plaintiff's complaint does not clash with other equally important governmental interests, wantonness is defined by the deliberate indifference standard as articulated in *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

There is no evidence in the record to support a finding of deliberate indifference. The prompt remedy of the addition of a third meal further supports Beale's statement in his affidavit that he did not act with deliberate indifference. Plaintiff's complaint and affidavits do not create an issue of material fact to warrant a trial on an eighth amendment claim.

### II. DUE PROCESS CLAIM

█ Due process rights can be derived from the Constitution itself, or from certain state statutes and regulations, including certain prison guidelines. *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). There is nothing in the Constitution which would create a due process right which would be abridged by the meal service which was provided by Southampton. A prison guideline may create a protected due process interest if it explicitly places limitations on a prison official's discretion. *See id.* at 475, 103 S.Ct. at 873; *see also Olim v. Wakinekona*, 461 U.S. 238, 248–50, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 (1983); *Hayes v. Thompson*, 726 F.2d 1015, 1017

(4th Cir.1984). However, not all procedures established by the state become "constitutional imperatives" under the fourteenth amendment. *Bartholomew v. Clawson*, 594 F.Supp. 1121, 1126 (E.D.Va. 1984). As the *Hewitt* Court stated,

> The creation of procedural guidelines to channel the decisionmaking of prison officials is, in the view of many experts in the field, a salutary development. It would be ironic to hold that when a State embarks on such desirable experimentation it thereby opens the door to scrutiny by the federal courts, while States that choose not to adopt such procedural provisions entirely avoid the strictures of the Due Process Clause.

459 U.S. at 471, 103 S.Ct. at 871. For guidelines to be more than mere procedure, they must use "language of an unmistakably mandatory character," *id.*, and in addition, must state that the action will or will not occur "absent specified substantive predicates." *Id.* at 472, 103 S.Ct. at 871. The provision at issue in the Department of Corrections Food Service Operations Food Manual does not create a due process interest. Plaintiff's complaint and affidavits do not create an issue of material fact in dispute to warrant a trial on a due process claim.

### CONCLUSION

This Court GRANTS Defendants' Motion for Summary Judgment.

Plaintiff is ADVISED that he may appeal this final order by forwarding a *written* notice of appeal to the Clerk of the United States District Court, Room 193 U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said *written* notice must be received by the Clerk within thirty (30) days from the date of this Order and may be filed without the prepayment of costs or giving security therefor.

IT IS SO ORDERED.