998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Keith J. GARDNER, Plaintiff-Appellant,
v.
J. V. BEALE, Jr., Assistant Warden; Food Services, South
Hampton Intensive Treatment Center, Defendants-Appellees.
 No. 92-6049.
United States Court of Appeals,
Fourth Circuit.
 Argued: June 7, 1993.
Decided: July 13, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-91-337-N)
 Argued: Michael Louis Corrado, Chapel Hill, North Carolina, for Appellant.
 Mark Ralph Davis, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellee.
 On Brief: Stephen D. Rosenthal, Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant, Keith Gardner (Gardner), appeals the district court's grant of summary judgment in favor of the appellee, J. V. Beale, Jr. (Beale). Finding no error, we affirm.
 
 
 2
 * Gardner is a prisoner in the Virginia Department of Corrections and a member of the Virginia Department of Corrections Capital Construction Unit (the Unit). Between October 1990 and January 1991, the Unit worked at the South Hampton Intensive Treatment Center. While at South Hampton, the Unit worked Monday through Thursday and was off Friday through Sunday. Beale, the Assistant Warden, made the decision that the Unit would have only two meals, brunch and dinner, on Friday, Saturday, Sunday, and holidays, which were the days the Unit did not work. The Unit received two meals a day with eighteen hours between dinner and brunch for forty-eight days.[1] Beale reduced the number of meals because only a few members of the Unit attended the breakfast meal on days the Unit did not work.[2] Before it was discontinued, Gardner did not attend these breakfast meals.
 
 
 3
 In an effort to challenge the two-meal regime, Gardner followed the official grievance procedure, asserting that the meal service violated Department of Corrections Food Service Operations Manual Food Preparation and Service of Meals § 4-1, V.B.1., and 11, which state that all inmates shall be provided three meals daily, and that the breakfast meal will never be scheduled to begin more than fourteen hours following the beginning of the evening meal. As a result of the grievance procedure, a third meal was instituted.[3]
 
 
 4
 Gardner brought suit under 42 U.S.C. § 1983 for alleged constitutional deprivations, seeking monetary damages for the days he received two meals per day with an eighteen hour interval between the dinner and his brunch. In his complaint, Gardner alleged that, as a result of the meal policy, he suffered mental anguish and was starving, but did not state a violation of a specific constitutional right. Beale moved for summary judgment. "[O]ut of an abundance of caution," Gardner v. Beale, 780 F. Supp. 1073, 1074 (E.D. Va. 1991), the district court considered Gardner's complaint as alleging cruel and unusual punishment under the Eighth Amendment and a due process violation under the Fourteenth Amendment. The district court granted Beale's motion for summary judgment. Gardner appeals.
 
 II
 
 5
 Appellate review of the granting of a party's motion for summary judgment is de novo, and the court of appeals uses the same standards as the district court. Summary judgment is appropriate only if there are no genuine issues of material fact. Charbonnages de France v. Smith, 597 F.2d 406 (4th Cir. 1979). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or immaterial are properly excluded from consideration. Id. The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). This burden does not require the moving party to show evidence that proves absence of a genuine issue of material fact, but only to point out its absence. Id. The responding party may not rest upon mere allegations or denials, Anderson, 477 U.S. at 248, and summary judgment is appropriate if the responding party fails to show, under Rule 56, the existence of an element essential to that party's case. Celotex, 477 U.S. at 322. A mere scintilla of evidence supporting the case is insufficient. Anderson, 477 U.S. at 252. The responding party is, however, entitled to have all reasonable inferences and questions of law resolved in his favor. Id. at 255.
 
 III
 
 6
 To establish a prima facie case that prison conditions violate the Eighth Amendment, Gardner must demonstrate: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991) (citation omitted)." The Supreme Court has explained that the first showing requires the court to determine whether the deprivation of the basic human need was objectively 'sufficiently serious,' and the second requires it to determine whether subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 111 S. Ct. 2321, 2324 (1991)).
 
 
 7
 In Strickler, we held that the objective component of an Eighth Amendment violation requires the prisoner to "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Id. at 1381. In Strickler, the plaintiff alleged that double-bunking, limited exercise opportunities, and inadequate ventilation deprived him of his Eighth Amendment rights. In rejecting Strickler's claims, we concluded that, although"such conditions could rise to the level of constitutional violations were they to produce serious deprivations of identifiable human needs," the plaintiff's claim must fail because he produced no evidence that he sustained any serious or significant physical or emotional injury as a result of these conditions. Id. We reasoned:
 
 
 8
 The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If the prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.
 
 
 9
 Id. (citation and footnote omitted).
 
 
 10
 In this case, there is no evidence of physical or emotional injury. Gardner's contention that he was starving and suffered mental anguish is simply not enough under Strickler. Nor has Gardner presented evidence that the two meals a day served to the Unit "pose[d] an unreasonable risk of serious damage to his future health." Helling v. McKinney, 61 U.S.L.W. 4648, 4650 (U.S. June 18, 1993). Consequently, Gardner has failed to demonstrate that, on his Eighth Amendment claim, "the evidence is such that a reasonable jury could return a verdict" in his favor. Anderson, 477 U.S. at 248.
 
 IV
 
 11
 We have reviewed Gardner's due process claim and find it to be without merit. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 The parties disagree as to the number of days two meals were served. Gardner claims it was forty-eight days. Beale claims it was thirty-four. Because of the procedural posture of this case-summary judgment granted to Beale below-we assume two meals were served to the Unit on forty-eight days
 
 
 [2]
 An affidavit of a fellow member of the Unit confirms this: "The policy was instated by J. V. Beale because he decided that there were not enough inmates turning up for the breakfast meal." Affidavit of Kevin Flippo, Sr. (Joint Appendix (J.A.) 33)
 
 
 [3]
 The record reflects that Beale filed an affidavit stating that as soon as he became aware of Gardner's grievance, he arranged for the Unit to receive a bag lunch as a third meal on days the Unit did not work