39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David W. BEATTY, Plaintiff-Appellant,
v.
Richard A. LANHAM, Sr., Commissioner of Correction; Joseph
P. Sacchet, Warden; Frank Mentzer, Classification
Supervisor; Charlie Lochbaum, Classification Counselor;
Nancy S. Grasmick, State Superintendent of Schools; John
Linton, Director of Correctional Education; James Keller,
Field Director of Correctional Education; Carolyn M. Suman,
MSDE/Education Supervisor MCTC; Chris Marschner, MCTC
Prison Liaison, College Coordinator, Individually and in
their Official Capacities; Norman P. SHEA, President;
Michael H. Parsons, Dean of Instruction, Defendants-Appellees.
 No. 92-7095.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 8, 1994.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-1394)
 David W. Beatty, appellant pro se.
 John Joseph Curran, Jr., Atty. Gen., Stephanie Judith Lane-Weber, Asst. Atty. Gen., Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Beatty, a Maryland state prisoner, filed a 42 U.S.C. Sec. 1983 (1988) action against Maryland Department of Corrections (MDOC) prison officials, Maryland Department of Education (MDE) officials, and Hagerstown Junior College (HJC) officials alleging violations of state and federal law arising out of his suspension from a college prison program. The district court granted summary judgment in favor of the Defendants and declined to address Beatty's state law claims. We affirm.
 
 
 2
 * David Beatty was enrolled in a prison college program administered by HJC and established with the cooperation of MDE and MDOC. During registration for the spring 1992 semester Beatty got into an argument with HJC Defendant Chris Marschner over Beatty's receipt of used books for a class. Beatty was removed from the class, but after he apologized he was re-registered for the semester. The next day Beatty wrote a letter to the HJC Dean of Instruction complaining about the used book and about Marschner's conduct. Based on the dispute and Beatty's vehement pursuit of the issue, HJC officials suspended him from the college program for a semester.
 
 
 3
 Under the program guidelines any HJC, MDE or MDOC official can remove a prisoner from participation if his grades or behavior are unacceptable. Further, the guidelines provide no mandatory criteria for acceptance in the program, but leave the decision to the discretion of the selection committee. After his suspension Beatty filed a number of grievances and finally this law suit. Defendants moved for summary judgment, which the district court granted. Beatty appealed.
 
 II
 
 4
 Beatty claims that MDOC and MDE violated his rights by failing to overturn his suspension. However, nothing in the guidelines or regulations creating the program grant MDOC and MDE officials supervisory authority over HJC officials' suspension decisions. Therefore, no supervisory liability can be imposed upon these Defendants. See generally Slakan v. Porter, 737 F.2d 368 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). Additionally, respondeat superior is not a basis for liability under 42 U.S.C. Sec. 1983. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Hence, the district court properly granted summary judgment to these Defendants.
 
 III
 
 5
 Beatty also contends that he was entitled to notice and an opportunity to be heard prior to his suspension. To show entitlement to due process prior to removal from the college program, Beatty must establish that the applicable statute and regulations create a constitutional interest in participation in the program. Generally, inmates have no constitutional interest in participation in a rehabilitation program. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir.1977). A constitutional interest can only be created if "in drafting its procedural guidelines, [the state] repeatedly used 'explicitly mandatory language in connection with requiring specific substantive predicates....' " Hayes v. Thompson, 726 F.2d 1015, 1017 (4th Cir.1984) (quoting Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Additionally, a protected interest can be created "by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). In the present case, neither the statute authorizing the creation of the education program nor the guidelines for eligibility in the program include mandatory language or limitations on officials' discretion. See Md. Educ.Code Ann. Sec. 22-101 to 105 (1992); MDOC Regulation 135-1.[1] Hence, Beatty had no entitlement to participation in the college program and the regulations governing removal from the program contained no due process requirement. Because Beatty had no constitutional interest in participation in the program, he has no right to due process prior to being suspended. Hewitt, 459 U.S. at 471-72. Therefore, the district court's grant of summary judgment to Defendants on this claim was proper.
 
 
 6
 Beatty also asserts that HJC retaliated against him by suspending him after he complained to the Dean of Instruction, and by threatening to permanently remove him from the program if he filed a lawsuit. To successfully state a claim of retaliation the claimant must show that his exercise of his rights was the actual motivating factor behind the alleged retaliation. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979). Additionally, the claimant must show that there was an adverse impact on the exercise of his constitutional rights. American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir.1993). Beatty filed numerous grievances with MDE, MDOC, and HJC after his suspension, but no further action was taken against him.
 
 
 7
 Additionally, Beatty was informed in his suspension letter that his suspension was due to his behavior at registration and his refusal to accept the resolution of the issue of the used book. Hence, Beatty failed to show that his letter was the motivating factor in his suspension. Additionally, Beatty failed to show that his access to the courts was hindered. No further action was taken against him after he filed this suit, and he was reinstated into the college program the next semester and permitted to take courses during the summer. Therefore, the district court properly dismissed this claim.[2]
 
 
 8
 Finally, the district court properly exercised its discretion by refusing to exert supplemental jurisdiction over Beatty's state law claims. See 28 U.S.C.A. Sec. 1367(c)(3) (West Supp.1993).
 
 
 9
 Accordingly, we affirm.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The guidelines state that an inmate must have a high school diploma or its equivalent, have taken an achievement test, and obtained a Pell grant prior to entry in the program. Also, to be eligible to be screened for the program, the inmate must be within sixty months of release, and have no detainers. If the inmate satisfies these requirements, the selection committee must determine if the inmate has the proper social deportment for participation in the program. The guidelines place no restrictions on what constitutes proper deportment
 
 
 [2]
 Beatty also asserts that prison regulations against harassment were violated when he was suspended. However, no prison officials were involved in the decision to suspend him, and he did not identify what regulation against harassment was violated. Hence, this claim is without merit
 
 
 [3]
 We also affirm the district court's denial of Beatty's Fed.R.Civ.P.59 motion