51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl Edward HALL, Plaintiff-Appellant,
v.
David A. WILLIAMS, Warden; Toni V. Bair, Regional
Administrator; Edward C. Morris, Deputy Director;
Randall B. Kahelski; Officer Lambert,
Defendants-Appellees.
 No. 93-7345.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided April 6, 1995.
 
 Carl Edward Hall, appellant pro se. Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, VA, for appellees.
 Before HALL and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carl Hall appeals from the magistrate judge's decision* granting Defendants' motion for judgment and denying Hall's request for relief under 42 U.S.C. Sec. 1983 (1986). The facts of this case are set forth in full in our prior opinion reversing the district court's grant of summary judgment and remanding for further proceedings. The primary issue in this case was whether Hall's deprivation of out-of-cell exercise for four and one-half months due to being placed on lockdown status following a prison riot violated the Eighth Amendment.
 
 
 2
 In our prior decision, we noted that Eighth Amendment conditions of confinement claims require examination of an objective component (was the deprivation sufficiently serious) and a subjective component (were prison officials deliberately indifferent to the conditions). See Hall v. Williams, No. 91-6007, slip op. at 5 (4th Cir. April 13, 1992) (unpublished). We further found that Hall presented sufficient evidence in connection with his deprivation of exercise claim to establish, subject to rebuttal by the Defendants, a prima facie case regarding the "objective component" of an Eighth Amendment claim. As the magistrate judge correctly recognized, however, subsequent to our decision in this case, this Court held in Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir.1993), that a plaintiff in an Eighth Amendment conditions of confinement case must produce evidence of serious or significant physical or emotional injury in order to satisfy the objective component. Id. Although it is certainly plausible that an inmate deprived of exercise for four and one-half months would sustain such injury, Hall produced no evidence that he in fact did suffer such injury.
 
 
 3
 At trial, Hall admitted that he never sought medical attention as a result of exercise deprivation because it was "not necessary," and that despite having filed seven grievances in connection with his deprivation of exercise, he never even alleged in any of those grievances that he suffered any injury due to the deprivation. While Hall relies on language in Wilson v. Seiter, 501 U.S. 294, 303 (1991), which holds that a showing of physical injury is not required to establish deliberate indifference, such reliance is misplaced because the Court in Wilson made clear that its statement assumed that the plaintiff could first satisfy the objective component by establishing the requisite seriousness of the pertinent deprivation. Id. Because Hall did not produce any evidence tending to satisfy the objective component of his claim, we affirm the magistrate judge's judgment insofar as it relates to Hall's deprivation of exercise claim.
 
 
 4
 Our prior decision also instructed the lower court to dispose of Hall's claim that his transfer from his normal residence in Cellblock C-1 to Cellblock C-2 shortly after the riot without a hearing before an Internal Classification Committee (ICC) violated his Due Process rights. We agree with the magistrate judge's conclusion that because the initial transfer occurred at a time when the entire prison was on lockdown status, Hall did not, initially, experience any change in classification which would activate any Due Process protections. See generally Hayes v. Thompson, 726 F.2d 1015, 1016-17 (4th Cir.1984). Moreover, we reject Hall's claim that he possessed a liberty interest in avoiding placement on lockdown status in the first place, since he points to no regulations creating such an interest, id., and cannot seriously contend that prison officials may not resort to lockdown even immediately following a riot as serious as the one which precipitated the lockdown at his institution.
 
 
 5
 We also reject Hall's position that he did not receive a proper ICC hearing once other Cellblocks in the prison were taken off of lockdown status. Because his detention in Cellblock C-2 was non-punitive in nature, Hall was entitled only to notice and a hearing providing him the opportunity to express his views to the persons deciding his custody status. See Hewitt v. Helms, 459 U.S. 460, 476 (1982). While Hall does not dispute that he received notice and an ICC hearing relating to the possibility of transferring him out of Cellblock C-2, he argues that he received defective notice because his notice failed to inform him that the transfer issue would involve the exploration of his possible participation in the riot. Under the circumstances which led to the imposition of lockdown status, however, Hall could reasonably be expected to be aware that this question would be relevant to the propriety of a transfer. We therefore conclude that Hall was afforded all the process due him in this case.
 
 
 6
 Finally, we reject Hall's contentions relating to all claims and issues which arose subsequent to our decision remanding this case. Hall's arguments relating to the handling of his legal mail are unsubstantiated, and his challenges to the magistrate judge's treatment of his discovery motions fail to identify any error serious enough to alter the outcome of this case. The judgment of the magistrate judge is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The parties consented to trial of this case by a magistrate judge pursuant to 28 U.S.C. Sec. 636(c) (West 1994)